## K. A. KELLEY et al *v.*
## Stanley REED, Executor, et al

78-324                                    580 S.W. 2d 682

Opinion delivered April 23, 1979
(Division I)
[Rehearing denied June 4, 1979.]

*Allen & McSpadden* and *Keith Rutledge,* by: *Tom Allen,* for appellants.

*Murphy, Blair, Post & Stroud,* by: *Robert D. Stroud,* for appellees.

DARRELL HICKMAN, Justice. Beulah Kelley of Batesville died in January, 1976. Her will, executed in August, 1954, was admitted to probate in the Independence County Probate Court. The Executor appointed was Stanley Reed, Chairman of the Administrative Board, First United Methodist Church of Batesville. The appellants, K. A. Kelley and Monnie Wilcox, brother and sister of Beulah Kelley, contested the will.

In the first hearing on this matter, the probate judge granted the appellees' demurrer to the evidence and dismissed the appellants' contest at the conclusion of their evidence. We decided, in an unpublished opinion, that there was sufficient evidence of a lack of testamentary capacity to require that the demurrer be overruled. On remand, the matter was reheard in its entirety. Testamentary capacity is not an issue on this second appeal. The main issue at the trial, and presented to us now, is whether an insane delusion from which Beulah Kelley suffered invalidated the will. The probate judge found as a fact that Beulah Kelley was a monomanic, possessing a delusion concerning her family. However, he found that there was no evidence that the 1954 will was a result or a product of that delusion.

The will of Beulah Kelley left her home to her mother for life and the remainder of her property, as well as the home on the death of her mother, to a trust ". . . to give aid to crippled persons, who are in need of help because of their infirmities . . . . " The will was to be administered by the Board of Stewards of the First Methodist Church of Batesville.

Both parties to this litigation presented evidence of Beulah Kelley's state of mind. Two witnesses for the appellants, both physicians, testified that in their opinion Beulah Kelley was paranoid and suffered from an insane delusion that she was mistreated because she was crippled. Ms. Kelley was confined to a wheel chair because of polio. Also, the appellants offered testimony from other witnesses that Ms. Kelley suffered from an insane delusion regarding her family. Her family consisted of the appellants and another sister who is not a party to this appeal. She was not survived by a husband or any children.

The appellees offered testimony of several witnesses that Beulah Kelley suffered from no mental deficiency as claimed by the witnesses for the appellants.

A good deal of the evidence regarding her delusion centered around the fact that Ms. Kelley thought that her family had worked against her in her campaign for reelection to the office of County Treasurer. She was defeated after serving several terms. Her defeat was some years after the will was executed in 1954.

The probate judge found that the delusion possessed by the decedent ". . . is not clearly shown to have influenced the testator in making the provisions of the will." The appellants argue that since it was proved that she suffered from a delusion regarding her family, and since the will did not provide for her family, then it must be set aside as a matter of law. The probate judge was correct. In two cases we have clearly said that in order to invalidate a will because of an insane delusion, it must first be proved that the delusion exists and, second, that the will is a product of the delusion. *Taylor* v. *McClintock*, 87 Ark. 243, 112 S.W. 405 (1908); *Dumas* v. *Dumas, et al*, 261 Ark. 178, 547 S.W. 2d 417 (1977). To agree with the appellants would be to hold that any will otherwise valid could be set aside simply because a relative was left out of a will. The probate judge found, as a matter of fact, that the appellants had not proved the will was a product of that delusion and we cannot say that finding is clearly against the preponderance of the evidence. *Dumas* v. *Dumas, et al, supra*.

The appellants raise three arguments but all of them relate to the insane delusion, the weight of the evidence regarding that issue and the findings of the probate judge. The probate judge correctly followed the law and we cannot say any of his findings are clearly against the preponderance of the evidence.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and BYRD, JJ.